## ESTATE OF DAVID SIMS, DECEASED.

APPEAL BY MARY A. MCCLELLAND FROM THE ORPHANS' COURT
OF ALLEGHENY COUNTY.

Argued November 1, 1889—Decided November 11, 1889.

(a) A testator devised and bequeathed all his estate, real and personal, to his executors and trustees, in trust for appointed purposes, "with full power to make leases of my real estate, and do all other acts and things which in their judgment shall be necessary and proper in the control and management of said estate."

(b) By a codicil, the testator provided that a daughter should have a certain house and lot, "where she now resides, or the net income thereof, during her natural life, and at her decease the same shall descend to and vest in her children in fee simple."

1. The property devised to the daughter having been sold by testator in his lifetime, and the title perfected after his death by his executors and trustees, who received the purchase money, the latter was held subject to an active trust, and the daughter was not entitled to have the principal during life, under the act of May 17, 1871, P. L. 269, even with the consent of her children entitled in remainder.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

No. 174 October Term 1889, Sup. Ct.; court below, No. 44 March Term 1889, O. C.

On May 8, 1889, Mrs. Mary A. McClelland presented her petition averring:

That she was the daughter and devisee under the will of the said David Sims; that by the terms of the said will, it was provided, among other things, that petitioner should have the income of certain realty, situate on Mattock's alley, Pittsburgh, with remainder over in the same, in fee simple, to her children at her death; that under the powers contained in said will, the executor and trustee sold said realty and converted the same into money, the proceeds thereof being, as shown by the account filed, the sum of $1,500 now in the hands of the executor and trustee, in trust for petitioner and her children. Further representing that she was now fifty-six years of age, and that her

said children, William McClelland, Susan McClelland now Susan Feigley, Ruth McClelland now Ruth Bender, Mary McClelland now Mary Wyatt, and David McClelland, being all the parties interested in said trust, were willing to release and relinquish their claim, right and interest in said principal fund, in favor of petitioner, the petitioner prayed that the court would direct and decree accordingly, that said principal sum, to wit, the sum of $1,500 with such interest as might be due thereon, be paid to her absolutely by said executor and trustee. The children of Mrs. McClelland all joined in the prayer of the petition as stated.

Mr. A. M. Brown, the surviving executor and trustee, filed an answer to the petition setting out the will of the deceased, dated January 16, 1869, certain provisions of which were as follows :

" I devise and bequeath to the said trustees all my estate, real, personal and mixed, in trust for the uses, purposes and persons hereinafter specified, appointed and designated." .

\* \* \* \* \* \* \* \*

" From and after the decease of my said wife Mary, my eldest daughter, Mary Ann McClelland, shall have the house situate on Mattock's alley, and the lot of ground appurtenant thereto in said alley, in the city of Pittsburgh, wherein she now resides, or the net income thereof during her natural life, and at her decease the same shall descend to and vest in her children in fee simple."

\* \* \* \* \* \* \* \*

" My said trustees shall have power to sell and dispose of said stocks and invest the proceeds in other real or personal securities, if in their judgment it shall at any time be proper so to do, and in like manner they may make investments of the income derived from my said estate. They shall also have full power to make leases of my real estate and do all other acts and things which in their judgment shall be necessary or proper in the control and management of said estate." . . . .

That afterwards by a codicil to said will, bearing date December 1, 1874, it was provided as follows :

" My executors are empowered in their discretion to perfect and carry out any and all parol or other agreements I may have made in respect to the sale of any of my real estate, and to

make the necessary conveyances, etc., and to receive and hold the proceeds in trust for the same uses and purposes and devises as those to which any such realty is devised by my foregoing will; that is to say, the proceeds shall be held in trust to represent the realty in executing said will."

The answer further averred that the three daughters of Mrs. McClelland named in her petition, were married women; that the testator in his lifetime had made sale of the real estate in Mattock's alley, for $1,500, and the executors had perfected the title to the purchaser, and had received and now held said purchase money under the provisions of said will; that respondent had no interest in the matter presented, beyond his desire to faithfully execute said trust and to be protected against loss or undue liability, submitting to the judgment of the court.

On the argument, upon petition and answer, counsel for the executor objected to the order prayed for, first, on the ground that the court could not anticipate the limitation of the trust by distributing before the death of Mrs. McClelland; and second, because the devise was to the children, and, although the petitioner was fifty-six years of age, she might have other children who would have an interest in the fund. To meet the latter objection, petitioner offered to give bond under the act of May 17, 1871, P. L. 269.

The court, HAWKINS, P. J., without opinion filed, but referring to Watson's App., 125 Pa. 340, dismissed the petition. Thereupon the petitioner took this appeal, assigning the order dismissing the petition as error.

*Mr. C. A. O'Brien,* for the appellant.

Counsel cited: Rose v. Jessup, 19 Pa. 280; Culbertson's App., 76 Pa. 145; Perry on Trusts, § 920; Gowen's App., 106 Pa. 288; Koenig's App., 57 Pa. 353; Ogden's App., 70 Pa. 501.

*Mr. A. M. Brown* (with him *Mr. J. S. Lambie*), for the appellee.

Counsel cited: Earp's App., 75 Pa. 119; Ashhurst's App., 77 Pa. 464; Deibert's App., 78 Pa. 296; Watson's App., 125 Pa. 340; List v. Rodney, 83 Pa. 483; 2 Jarman on Wills, 5th ed., 147, 157; Affolter v. May, 115 Pa. 54; Castner's App., 88 Pa. 478; Huber's App , 80 Pa. 348; Barclay v. Lewis, 67

Pa. 316; Aubert's App., 119 Pa. 48; Wilen's App., 105 Pa. 121; Eachus's App., 91 Pa. 105.

PER CURIAM:

This case is ruled by Watson's App., 125 Pa. 340. The trust is a special active trust, and is not affected by the act of May 17, 1871, P. L. 269.

> Decree affirmed, and the appeal dismissed at the costs of the appellant.